IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,617-01






EX PARTE GREGORY LEE RUSSELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,613-A IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine with intent to deliver and sentenced to 78 years' imprisonment. The Sixth Court
of Appeals affirmed his conviction. See Russell v. State, No. 06-05-00219-CR, (Tex. App.-
Texarkana, 2006, pet. ref'd.) (not designated for publication).

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to request an accomplice witness instruction be given with regards to the jury's
consideration of Crystal Keller's testimony. He also alleges that counsel was ineffective for failing
to raise a hearsay objection when Stephanie Smith's affidavit was admitted into evidence and for
failing to make sure that Smith testified at trial so that he could have impeached her testimony on
cross-examination. He also alleges that counsel was ineffective for failing to call Lisa Green,
Martha Russell, Summer Green, Henry Houston, and Intha Vaughan to testify in the guilt phase of
trial. Further, Applicant alleges that counsel was ineffective for failing to investigate whether there
was any mitigating evidence available to present at punishment. Finally, Applicant alleges that
counsel was ineffective for failing to file a motion for continuance so that he would have had more
time to prepare for trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel in that it shall order counsel to file
and affidavit addressing: (1) whether counsel requested that the trial judge give an accomplice
witness instruction with regards to the jury's considerations of Keller's testimony and, if not, why
counsel did not believe that such an instruction was necessary; (2) whether counsel objected to the
admission of Smith's affidavit and, if not, why counsel did not believe that it was necessary to
object; (3) whether counsel believed that the impeachment of Smith's testimony on cross-examination would have benefitted the defense; (4) whether counsel was aware that Lisa Green,
Martha Russell, Summer Green, Henry Houston, and Intha Vaughan were available to testify in the
guilt phase of trial and, if so, why counsel failed to call these witnesses to testify; (5) whether
counsel investigated the availability of mitigating evidence and, if so, what mitigating evidence was
available to present at punishment; and, (6) whether counsel believed that he needed more time to
prepare for trial and, if so, why counsel failed to file a motion for continuance. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel requested that an
accomplice witness instruction be given with regards to the jury's consideration of Keller's
testimony and, if not, why counsel did not believe that such an instruction was necessary. The trial
court shall make findings of fact as to whether counsel objected when Smith's affidavit was admitted
and if not, why counsel did not believe that it was necessary to object. The trial court shall make
findings of fact as to whether counsel believed that the impeachment of Smith's testimony on cross-examination would have benefitted the defense. The trial court shall make findings of fact as to
whether counsel was aware that Lisa Green, Martha Russell, Summer Green, Henry Houston, and
Intha Vaughan were available to testify in the guilt phase of trial and, if so, why counsel failed to call
these witnesses to testify. The trial court shall make findings of fact whether counsel investigated
the availability of mitigating evidence and, if so, what evidence was available to present at
punishment. The trial court shall make findings of fact as to whether counsel believed that he
needed more time to prepare for trial and, if so, why counsel did not file a motion for continuance.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 17, 2008

Do not publish